UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW SARAMPOTE,

        Petitioner,

v.                                        Case No. 2:06-cv-162
                                         HON. GORDON J. QUIST

JEFFREY WHITE,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Matthew Sarampote filed this petition for writ of habeas corpus challenging the validity of his state court conviction of three counts of third degree criminal sexual conduct. Petitioner was convicted after a jury trial and was sentenced to concurrent prison terms of 57 months to 15 years.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. The trial court erred in failing to excuse Juror 9, Mary Moore, for cause, pursuant to a request by defense counsel; defense counsel was ineffective in peremptorily excusing the wrong juror, instead of

Juror 9, thereby depriving defendant of his constitutional right to an impartial jury and fair trial.

II.  Defendant was denied his right to effective assistance of counsel by his attorney's failure to excuse a biased juror, by his failure to object to misconduct by the prosecutor, and by eliciting prejudicial testimony.

III.  Defendant was denied a fair trial due to prosecutorial misconduct where the prosecutor sought to elicit speculative testimony from witnesses, regarding inflammatory, prejudicial, and irrelevant information, thereby depriving defendant of his constitutional right to a fair trial.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion

opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his Constitutional rights were violated when the court failed to excuse juror Mary Moore for cause.  The Michigan Court of Appeals rejected petitioner's argument, explaining:

> Defendant first argues that he was denied his right to a fair trial because the trial court denied his request to excuse an allegedly biased potential juror, Juror 18, for cause.  During voir dire, Juror 18 indicated that, at a young age, she had been the victim of a pedophile. Upon further questioning, she opined that, despite this experience and the fact that hearing the present case would be emotional for her, she nonetheless could be fair and impartial.  Defense counsel then challenged Juror 18 for cause, but the trial court denied defendant's challenge, and Juror 18 remained on the jury during the trial. Defendant now contends that, during voir dire, Juror 18 expressed "a state of mind that [would] prevent the person from rendering a just verdict," and that she was "interested in a question like the issue to be tried," both grounds for dismissal for cause under MCR 2.511(D)(4) and (13).
>
> This Court reviews for abuse of discretion a trial court's rulings on challenges for cause based on bias.  *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000); *People v Roupe*, 150 Mich App 469, 474; 389 NW2d 449 (1986).   We defer to the trial court's superior ability to assess a prospective juror's demeanor to determine whether the person would be impartial.  *Williams, supra* at 522.  In *People v Lee*, 212 Mich App 228, 248-249; 537 NW2d 233 (1995), this Court further explained:
>
>> A four-part test is used to determine whether an error in refusing a challenge for cause merits reversal. There must be a clear and independent showing on the record that (1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable.
>
> See also *Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 251; 445 NW2d 115 (1989); *People v LeGrone*, 205 Mich App 77, 81-82; 517 NW2d 270 (1994).

- 4 -

In this case, the record does not support defendant's claim that Juror 18 should have been disqualified for cause.  There is no indication that Juror 18 was anything but fair and impartial in her verdict.  Any question whether Juror 18 was able to render a just verdict, despite her prior unfortunate experience, was answered when she told the court that she could be fair.  A juror will not be excused for cause if the court is satisfied that the juror does not entertain a bias or opinion so as to influence her verdict as a juror.  MCL 768.10.  "A juror who expresses an opinion referring to some circumstances of the case which is not positive in character, but swears he can render an impartial verdict, may not be challenged for cause." *Roupe, supra* at 474.

Defendant claims that the court's decision was arbitrary because the court later excused another potential juror for cause after she revealed she also had been molested as a child.  However, unlike Juror 18, the other juror indicated on the record that she could not be fair and impartial and clearly displayed a state of mind that would have prevented her from rendering a fair verdict.  The trial court, thus, did not abuse its discretion in declining to excuse Juror 18 for cause after she indicated she could be fair and impartial, despite her traumatic past.

Defendant's argument further fails because he did not exhaust all of his peremptory challenges at voir dire.  *Lee, supra*.  After the parties excused two jurors, narrowing the panel to twelve, the court asked the defense if they had any more challenges to the panel.  Despite the fact that Juror 18 was plainly still sitting on the panel, defense counsel indicated, "Your Honor, we have no challenges."  The record indicates that the trial court did not deny the defense the opportunity to exhaust all their challenges, and, by declining to make any more challenges, the defense indicated its satisfaction with the twelve jurors who had been impaneled.  Moreover, the record indicates that, after the court announced that a jury had been selected, defendant made no further objection to the jury panel and in no manner indicated dissatisfaction with Juror 18 or any of the other jurors.  Defendant evidently chose not to exhaust his peremptory challenges because he was satisfied with the jury as selected.  Thus, defendant's failure to exhaust his peremptory challenges forecloses his claim that he was denied a fair trial due to the trial court's refusal to excuse Juror 18 for cause.  Clearly, defendant has not shown any actionable prejudice.  *Lee, supra; LeGrone, supra.*

When a juror is challenged as biased and partial, the court must consider factually whether the juror swore she could set aside any personal opinion she might hold and decide the case on the evidence presented, and the court must consider whether the juror's claim of impartiality should be believed. *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). "[A] trial court's finding that a juror was impartial is entitled to a presumption of correctness, rebuttable only upon a showing of clear and convincing evidence." *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003); *Patton* at 1036. Petitioner has not established that any juror was not impartial. Petitioner cannot show that it was error for the court to fail to excuse juror Mary Moore for cause. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that he received ineffective assistance of counsel. Petitioner claims that his attorney erred by failing to exercise a peremptory challenge to excuse juror Moore and by mistakenly excusing the wrong juror. Petitioner argues that it was attorney error to fail to object to the testimony of witness Mary Budzinski and witness Jason Gorski. The Michigan Court of Appeals rejected each of these claims. The court stated:

> [D]efendant contends that his trial counsel was ineffective for failing to exercise a peremptory challenge to excuse Juror 18 and for his failure to object to the purportedly prejudicial and irrelevant testimony of certain prosecution witnesses. Because defendant did not raise this ineffective assistance of counsel claim in an appropriate motion in the trial court, our review is limited to mistakes apparent on the record. *People v Darden*, 230 Mich App 597, 604; 585 NW2d 27 (1998); *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994).

- 6 -

To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel made an error so serious that he was prejudiced by the error in question, i.e., the error might have made a difference in the outcome of the trial. *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "We evaluate defense counsel's performance from counsel's perspective at the time of the alleged error and in light of the circumstances." *People v Grant*, 470 Mich 477, 487; 684 NW2d 686 (2004). This Court will not substitute its judgment for that of trial counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). Thus, where counsel's conduct involves a choice of strategies, it is not deficient. *LaVearn, supra* at 216.

As previously noted, the record fails to establish that Juror 18 should have been dismissed for cause. Because counsel is not required to make a futile challenge, *People v Kulpinski*, 243 Mich App 8, 27; 620 NW2d 537 (2000), defendant has failed to show that trial counsel was ineffective for not excusing Juror 18 with a peremptory challenge. Further to the extent that trial counsel made a strategic decision not to peremptorily challenge this juror, defendant has failed to overcome the presumption of sound trial strategy. *People v Rockey*, 237 Mich App 74, 77; 601 NW2d 887 (1999); *People v Robinson*, 154 Mich App 92, 94-95; 397 NW2d 229 (1986).

Defendant also claims that trial counsel was ineffective for failing to object to the testimony of prosecution witness Mary Budzinski. During direct examination, the prosecution attempted to question Budzinski about defendant's behavior toward her, apparently to show that defendant had a predatory and obsessive nature that also was evident in the circumstances of the present case. The trial record reflects that defense counsel objected to this questioning, and the court prevented the prosecution from proceeding with those questions. On cross-examination, defense counsel questioned Budzinski in further detail about her claims that defendant had threatened her. Although it was the defense that introduced specific allegations of defendant's threatening behavior into evidence, we will not second guess defense counsel's apparent strategy of introducing

such evidence in order to benefit the defense, i.e., to discredit her, portray her as a person out for revenge, and to color her as a woman scorned. *Rockey, supra.*

Defendant also claims that trial counsel was ineffective for failing to object to the testimony of Jason Gorski that the victim had told defendant that she was only fifteen years of age. Even assuming arguendo that this hearsay testimony was erroneously admitted, the error, if any, was harmless, and defendant was not prejudiced because the same information was admitted into evidence through other sources. Similarly, trial counsel's failure to object to Gorski's assumption, gleaned from the circumstances and not direct observation, that defendant and the victim had sex is, for similar reasons, without merit. Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy which this Court will not review with the benefit of hindsight. *Rockey, supra* at 77. Defendant has failed to overcome the presumption that counsel's manner of handling these witnesses was sound trial strategy, and no prejudice is evident.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a

- 8 -

petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). In the opinion of the undersigned, petitioner has failed to show that he received ineffective assistance of counsel. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that prosecutorial misconduct occurred repeatedly when the prosecutor sought to elicit testimony from witnesses regarding the age of the victim and other testimony designed to invoke prejudice against petitioner. The Michigan Court of Appeals rejected these claims, stating:

> Defendant claims the prosecutor committed misconduct by purposely eliciting hearsay testimony and inflammatory information from the witnesses. Defendant refers to the matters of hearsay and threatening behavior previously mentioned in his ineffective assistance of counsel claim. Defendant also protests the prosecutor's elicitation of hearsay testimony regarding the victim's age -- a crucial issue in this statutory rape case. The trial court allowed this testimony over a defense

objection. However, defendant has not demonstrated prejudice from the admission of this challenged testimony. As previously noted, testimony that the victim told defendant her age was admitted through witnesses other than Gorski and Budzinski. Budzinski's testimony about her relationship with defendant was used by the defense to characterize her as a person biased against defendant. Moreover, Gorski's testimony inferring that defendant had sex with the victim was confirmed by defendant's later admissions at trial. Thus, defendant's claims that he was denied a fair trial due to prosecutorial misconduct are without merit.

In the opinion of the undersigned, petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

- 10 -

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has failed to show that the jury was impartial, that he received ineffective assistance of counsel and that prosecutorial misconduct occurred.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

- 11 -

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

> /s/ Timothy P. Greeley
> TIMOTHY P. GREELEY
> UNITED STATES MAGISTRATE JUDGE

Dated:   December 9, 2008